IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RAMONDRIA J. JOHNSON, JR., | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-87 |
| v. | |
| ALAN CARTER; CARLA FUTCH; ANDREW BOATRIGHT; WALLACE HARRELL; and THE BRUNSWICK NEWS, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 11, 12. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Amended Complaint in its entirety. Because I recommend dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, who is incarcerated and proceeding pro se, filed his initial Complaint on September 27, 2021, alleging various violations of his constitutional rights. Doc. 1. On November 23, 2021, after conducting frivolity review, I recommended the Court dismiss Plaintiff's Complaint in its entirety. Doc. 7. Plaintiff objected to my recommendation and made

new factual allegations.  Doc. 8.  Considering these new factual allegations, I vacated the November 23, 2021 Report on December 9, 2021, and ordered Plaintiff to file an Amended Complaint within 14 days of that Order.  Doc. 9.  Thus, Plaintiff's Amended Complaint was due on December 27, 2021.[1]

By January 11, 2022, the Court had still not received an Amended Complaint from Plaintiff.  I issued a Report, recommending the Court dismiss Plaintiff's Complaint for failure to follow this Court's Order and failure to prosecute.  Doc. 10.  However, on January 13, 2022, the Court received Plaintiff's First Amended Complaint.  Doc. 11.  Additionally, on January 25, 2022, the Court received a filing containing a Supplemental Complaint from Plaintiff, as well as a letter explaining why he believed his First Amended Complaint was timely.  Doc. 12 at 2.  These filings make clear any delay in receiving Plaintiff's Amended Complaint was due to mail delays and, thus, I vacated the January 11, 2022 Report.  Doc. 13.

The Court now conducts the requisite frivolity review.  While Plaintiff's First Amended Complaint and Supplemental Complaint are not identical, they are substantially similar.  Compare Doc. 11 with Doc. 12.  Nonetheless, I have considered all the factual allegations contained in both the Amended and Supplemental Complaint and construe all allegations in the light most favorable to Plaintiff.

## PLAINTIFF'S CLAIMS[2]

Plaintiff, a pretrial detainee at Glynn County Detention Center ("GCDC"), brings claims under 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights and state law.

---

[1]  See Fed. R. Civ. P. 6(d) (adding three days to an expiration period when service must be made by mail).

[2]  All allegations set forth here are taken from Plaintiff's First Amended Complaint and Supplemental Complaint.  Docs. 11, 12.  During frivolity review under 28 U.S.C. § 1915A, "[t]he

2

Docs. 11, 12.  On October 23, 2020, Plaintiff, at the request of Defendant Glynn County Police Department ("GCPD"), voluntarily submitted to police questioning at the police department in order to clear his name of suspicion in a crime the police were investigating.  Doc. 11 at 9; Doc. 12 at 7, 11.  After Plaintiff asked either to leave or for legal counsel if he was being held, Defendant Carter arrested Plaintiff.  Doc. 11 at 9; Doc. 12 at 7, 11.  Plaintiff explains he has been charged in state court with murder, possession of a firearm in commission of a felony, and criminal damage to property, but he claims the charges are baseless.  Doc. 11 at 4; Doc. 12 at 9.  As a result, he claims he is being falsely imprisoned at GCDC.  Doc. 11 at 4; Doc. 12 at 9.

Plaintiff alleges Defendant Alan Carter, an investigator with the GCPD, arrested him without evidence.  Doc. 11 at 6; Doc. 12 at 6, 9–10.  Further, Defendant Glynn County District Attorney Andrew Boatright has charged Plaintiff without probable cause or evidence and asked the state court to detain him without evidence, based solely on his past charges.[3]  Doc. 11 at 4, 6–7, 9; Doc. 12 at 6, 10.  Plaintiff contends by doing this, Defendant Boatright is violating the Constitution's double jeopardy clause.  Doc. 11 at 6–7.

Plaintiff also seeks to sue Defendant Judge Wallace Harrell for denying him a bond, even though there is no evidence against him.  Doc. 11 at 7, 9; Doc. 12 at 6, 9–10.  An unnamed Glynn County Superior Court judge denied Plaintiff bond in January and February of 2021.  Doc. 11 at 10; Doc. 12 at 11–12.  Plaintiff later received a bond for $250,000 in August but has not been able to pay it.  Doc. 11 at 10; Doc. 12 at 12.  On October 14, 2021, Plaintiff went for a bond reduction hearing, the resolution of which is unclear.  Doc. 12 at 12.  Plaintiff was indicted by the Glynn County District Attorney's Office on January 13, 2022, which Defendant

---

complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

[3]     Plaintiff also names District Attorney Keith Higgins as a Defendant.  Doc. 12 at 4.

Brunswick Newspaper reported.  Doc. 12 at 10, 12.  Plaintiff remains detained at this point.  Doc. 11 at 10; Doc. 12 at 13.

As a result of being held, Plaintiff explains he has suffered both mental and physical injuries, including being exposed to COVID-19.  Doc. 11 at 5, 11; Doc. 12 at 13.  Additionally, Plaintiff has lost wages and his reputation has been tarnished.  Doc. 11 at 5–6, 11; Doc. 12 at 13.  Plaintiff asserts Defendants Brunswick Newspaper and Carter have contributed to his tarnished reputation and brings a claim against them for defamation.  Doc. 11 at 5–6; Doc. 12 at 7, 9–10.  Plaintiff asks for injunctive relief, including the release from GCDC and for his charges to be dismissed, and monetary relief, in excess of $10 million.  Doc. 11 at 2–3; 11; Doc. 12 at 13.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be

granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's Claims for Injunctive and Declaratory Relief Fail**

Plaintiff brings § 1983 claims related to his state court criminal prosecution against him. Docs. 11, 12. Plaintiff seeks injunctive relief—specifically, Plaintiff seeks his release, to be acquitted, have all charges in his current case dismissed, and have his record cleared of all prior misdemeanor convictions. Doc. 11 at 11.

Plaintiff's sought-after injunctive relief is, in essence, asking for this Court to intervene in his ongoing state criminal prosecution. Federal courts should not intervene in ongoing state criminal proceedings, except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 44–46 (1971); see also Newsome v. Broward Cnty. Pub. Defenders, 304 F. App'x 814, 816 (11th Cir. 2008) ("[F]ederal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding."). In Younger, the Supreme Court reaffirmed "the settled doctrines" and "longstanding public policy" federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 49–50. Plaintiff has not provided any reason why he would be unable to

5

raise his federal constitutional claims in the state courts, and without extraordinary circumstances justifying this Court's intervention, abstention would ordinarily be appropriate. Therefore, Plaintiff's claims for injunctive relief should be dismissed without prejudice. See Jackson v. Georgia, 273 F. App'x 812, 813–14 (11th Cir. 2008) (affirming sua sponte dismissal under § 1915A due to Younger-abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (noting that "[a] dismissal pursuant to the Younger-doctrine is without prejudice, and does not preclude later re-filing of the complaint").

To the extent Plaintiff argues his pretrial detention is unconstitutional, this could be construed as a request for injunctive relief in the form of release from pretrial custody. However, a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); see also Johnson v. Chisholm, No. 4:09-cv-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining a pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241). Plaintiff states he is already pursuing a § 2241—the more appropriate method for seeking the requested relief. Doc. 12 at 16. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for injunctive and declaratory relief.

II. **Plaintiff's Claims for Monetary Damages Against Defendants Higgins, Boatright, and Harrell Should Be Dismissed**

Plaintiff brings claims under § 1983 for monetary relief against Defendants Higgins, Boatright, and Harrell. However, for the reasons explained below, these claims fail and should be dismissed.

### A. Defendants Higgins and Boatright Are Entitled to Prosecutorial Immunity

Plaintiff brings claims against two Glynn County prosecutors—Defendants Higgins and Boatright. Docs. 11, 12. Prosecutors are entitled to absolute immunity for claims for claims seeking "monetary relief arising out of actions performed within their official authority." Tarter v. Hury, 646 F.2d 1010, 1012 (5th Cir. 1981). A prosecutor is entitled to absolute immunity from § 1983 liability when he acts within the scope of his prosecutorial duties "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 420, 431 (1976). Determining when and how to prosecute a case are normal prosecutorial functions. Allen v. Se. Ga. Health Sys., No. CV208-146, 2009 WL 982102, at *3 (S.D. Ga. Apr. 10, 2009) (citing Tarter, 646 F.2d at 1012). Therefore, Plaintiff's claim against Defendants Higgins and Boatright for monetary damages fail. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary damages against Defendants Higgins and Boatright.

### B. Defendant Harrell Is Entitled to Judicial Immunity

Plaintiff names Defendant Judge Wallace Harrell in this suit. Doc. 11 at 7, 9; Doc. 12 at 6, 9–10. Plaintiff's claims for monetary damages fail as to this Defendant.

Judges enjoy absolute immunity from § 1983 suits for "acts committed within their judicial jurisdiction." Imbler, 424 U.S. at 418 (quotation omitted).

> Absolute judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction . . . . Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

Williams v. Alabama, 425 F. App'x 824, 826 (11th Cir. 2011) (citations and quotations omitted). Determining bond and setting a schedule are normal judicial functions in a case pending before the judge. Therefore, Plaintiff's claims against this Defendant fail. Similarly, to the extent

7

Plaintiff asserts claims against any other judges, those claims fail for the same reason. Thus, I **RECOMMEND** the Court **DISMISS** Plaintiff's § 1983 monetary damages claims against Defendant Harrell.

### III.  Plaintiff's Claims Against Defendants Carter and Futch Fail

Plaintiff seeks to sue two GCPD employees, Defendants Alan Carter and Carla Futch, for monetary damages. Doc. 11 at 9; Doc. 12 at 2, 7, 11. For the following reasons, Plaintiff's claims against these Defendants are due to be dismissed.

#### A.  Defendant Futch

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). As to Defendant Futch, Plaintiff fails to describe how she was involved in any purported violation of his constitutional rights. Plaintiff only names Defendant Futch in the caption and does not provide any factual allegations against her. Doc. 12 at 2.

To the extent Plaintiff seeks to hold Defendant Futch liable for the acts of her subordinates without alleging any personal involvement, his claim also fails. "It is well established in this circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (citations omitted). To hold a supervisory official or an employer liable, Plaintiff must demonstrate either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection

between the actions of the supervisor and the alleged constitutional violation.  Id. (internal quotation marks and citation omitted) (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  As noted above, Plaintiff has not alleged Defendant Futch participated in the events forming the basis of any of Plaintiff's claims.  Moreover, Plaintiff has not provided any reason to support the conclusion Defendant Futch violated any of Plaintiff's constitutional rights.

Similarly, Plaintiff fails to allege a "causal connection" between Defendant Futch and any constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."  Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by* Randall v. Scott, 610 F.3d 701 (11th Cir. 2010).  Plaintiff has not made the necessary showing with respect to Defendant Futch.  Accordingly, I **RECOMMEND** the Court **DISMISS** claims against Defendant Futch.

### B.     Defendant Carter

Plaintiff alleges Defendant Carter arrested and charged him without probable cause and he is in jail because of that arrest.  Doc. 11 at 6–7; Doc. 12 at 6, 9–10.  Plaintiff appears to bring claims of false arrest and false imprisonment against Defendant Carter.

To bring a § 1983 action for damages which "challenge[s] the validity of [an] outstanding criminal judgment[,]" a plaintiff must first "prove the unlawfulness of his confinement or conviction." Heck v. Humphrey, 512 U.S. 477, 486 (1994).  To show an unlawful conviction or confinement, the plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id. at 486–87.

Here, Plaintiff first alleges Defendant's unconstitutional actions in the form of an arrest led to his unlawful imprisonment, and he seeks monetary damages related to that unlawful imprisonment.  However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487.  Indeed, Plaintiff admits he has since been indicted on the charges for which he was arrested.  Doc. 12 at 10, 12.  Thus, to the extent Plaintiff's claim in this case is based on improper imprisonment resulting from a wrongful arrest, it is not actionable in a § 1983 suit and should be dismissed for failure to state a claim.  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's false arrest and false imprisonment claims against Defendant Carter.

IV.     **Plaintiff's State Law Defamation Claim Should Be Dismissed**

As I have recommended dismissal of all of Plaintiff's § 1983 claims, all that remains is Plaintiff's claim against Defendants Carter and The Brunswick News for defamation.  Doc. 11 at 5–6; Doc. 12 at 7, 9–10.  The Court may decline to exercise supplemental jurisdiction over state law claims where "the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3).  Because I recommend the Court dismiss Plaintiff's

claim arising under federal law, I further **RECOMMEND** the Court decline to exercise supplemental jurisdiction over Plaintiff's state law defamation claim against Defendants Carter and The Brunswick News and **DISMISS without prejudice** that remaining claim.

## V.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

**CONCLUSION**

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety.  Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.  I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of February, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA